# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., et al.,[1]<br><br>                    Debtors. | Chapter 11<br>Bankr. Case No. 22-11225 (MFW)<br><br>(Joint Administration Pending) |
| MELISSA GIGLIO, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., REVERSE MORTAGE FUNDING, LLC, RMIT CASH MANAGEMENT LLC, RMIT OPERATING I LLC, and RMIT OPERATING II LLC.<br><br>                    Defendants. | Adv. Pro. No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*. AND (2) VIOLATION OF NEW YORK WARN ACT AND (3) VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT AND (4) CALIFORNIA LABOR CODE §§ 1400 ET SEQ**

Plaintiff Melissa Giglio ("Plaintiff") alleges on behalf of herself and a putative class of

similarly situated former employees of Reverse Mortgage Funding LLC, Reverse Mortgage

Investment Trust Inc., RMIT Cash Management LLC, RMIT Operating I LLC, and RMIT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

Operating II LLC and its affiliates ("RMF" or "Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Debtors as follows:

## NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Debtors and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Debtors beginning on or about November 29, 2022, who were not provided 60 days advance written notice of their terminations by Debtors, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., (the "WARN Act") and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act"), and 90 days' notice as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*., and California Labor Code ("Lab. Code") § 1400 *et. seq*. ("Cal-WARN Act") (collective, the "WARN Acts").

2. Plaintiff was terminated along with approximately 400 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Debtors on November 29, 2022.

3. Debtors failed to give Plaintiff and other similarly situated employees of Debtors at least 60 days' advance notice of their terminations, as required by the WARN Acts. As a consequence of that violation, Plaintiff and other similarly situated employees of Debtors seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

2

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

7. Plaintiff Melissa Giglio was employed by Debtors as Sales Support/Business Development from 2014 until November 29, 2022.

8. Plaintiff Giglio is a resident of the state of New York.

9. Upon information and belief, Plaintiff Giglio received assignments from and reported to, Debtors' facility located at 41 Pinelawn Road, 2nd Floor, Melville, New York.

10. On November 29, 2022, Plaintiff was notified of their respective terminations effective immediately.

11. Plaintiff was terminated without cause.

12. At no time prior to November 29, 2022, did Plaintiff receive written notice that her employment would be terminated.

13. Plaintiff's last day of employment was November 29, 2022.

14. Along with Plaintiff, approximately 400 other employees of Debtors who worked at, reported to, or received assignments from the Debtors' facilities in Melville, New York, Newburgh, New York, Bloomfield, New Jersey or Gold River, California (collectively, the "Facilities") were terminated on or about November 29, 2022 without 60 days' advance written notice.

15. Plaintiff and all others similarly situated, received WARN letters, on November 29, 2022, stating which of Debtors' facilities served as their home base, the location from which their work is assigned, or the location to which they report.

*<u>Debtors/Defendants</u>*

16. Upon information and belief and at all relevant times, Debtors operated as a full service, non-bank mortgage lender that originated residential mortgages through a national platform.

17. Upon information and belief and at all relevant times, Debtors are privately owned corporations.

18. Upon information and belief, Debtors' headquarters are located at 1455 Broad Street, 2nd Floor, Bloomfield, NJ.

19. Upon information and belief, Debtors also operate facilities located at 700 Corporate Boulevard, Suite 701, Newburgh, New York, 41 Pinelawn Road, 2nd Floor, Melville, NY, and 2355 Gold Meadow Way, Suite 150, Gold River, CA.

20. Upon information and belief, the majority of employees Debtors laid off on November 29, 2022, worked remotely, based out of the Facilities. The employees performed their work on Debtors' virtual platform, which consisted of programs and applications that employees could, and did, access from anywhere using the company's mobile laptops.

21. Debtors did not inhibit the remote employees from working wherever they wished.

22. On November 30, 2022, Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 the United States Bankruptcy Code in this Court (Bankr. Case Nos. 22-11224 -11228). Joint administration of those cases is pending.

## FEDERAL WARN ACT CLASS ALLEGATIONS

23. Plaintiff brings a claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b) made applicable by Fed. R.

Bankr. P. Rule 7023 ("Rule 23"), who worked at, received assignments from, or reported to one of Debtors' Facilities and were terminated without cause on or about November 29, 2022 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Debtors on or about November 29, 2022 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

24. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 400 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Debtors.

25. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Debtors' books and records.

26. On information and belief, the rate of pay and benefits that were being paid by Debtors to each WARN Class Member at the time of his/her termination is contained in the books and records of Debtors.

27. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Debtors who worked at, received assignments from, or reported to the Facilities;

    (b) whether Debtors unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts; and

(c) whether Debtors' unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

28. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, received assignments from, or reported to the Facilities and was terminated without cause on or about November 29, 2022 due to the mass layoffs and/or plant closings ordered by Debtors.

29. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639/(3)(a)(1) and continued to operate as a business until Debtors decided to order mass layoffs or plant closings at the Facilities.

30. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

31. Class certification of these claims is appropriate under Rule. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation in bankruptcy court, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

32. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of

the Class.

33. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT ALLEGATIONS

34. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of herself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 29, 2022, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about November 29, 2022, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

35. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

36. On information and belief, Defendants employed at least 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendants terminated at least 25 full-time employees, within 30 or 90 days of November 29, 2022, from each of the Facilities in New York State.

37. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendants.

38. On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

39. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

(a) whether the members of the NY WARN Class were employees of the Defendants who worked in a covered site of employment of Defendants;

(b) whether Defendants, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendants unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Acts.

(d) whether Defendants as a single employer violated the WARN Act.

40. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to Defendants' New York Facilities and were terminated on or about November 29, 2022, due to the termination of the Facilities ordered by Defendants.

41. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

42. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual Plaintiffs may lack

the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

43. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

44. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## **NEW JERSEY WARN ACT ALLEGATIONS**

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff brings the New Jersey WARN Act claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the Facilities and were terminated without cause on or about November 29, 2022 (the "New Jersey WARN Class").

47. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

48. On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendants' books and records.

49. On information and belief, the rate of pay and benefits that were being paid by Defendants to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

50. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

(c) whether Defendants unlawfully failed to pay the New Jersey WARN Class members severance pay equal to one week of pay for each full year of employment as required by the New Jersey WARN Act.

(d) whether Defendants are liable as a single employer to Plaintiffs and the New Jersey WARN Class members.

51. Plaintiff's claims are typical of those of the New Jersey WARN Class. Plaintiff, like the New Jersey WARN Class members, worked at or reported to the Facilities and were terminated on or about November 29, 2022 due to the terminations ordered by Defendants.

52. Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

53. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3)

because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

54. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

55. Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Lab. Code § 1401 et seq.**

56. Plaintiff also brings a claim for Relief for violation of Lab. Code § 1401 on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Fed. R. Civ. P. Rule 23(a) and (b)(3), who worked at, reported to, or received assignments from Defendants' Gold River, Facility and were terminated without cause beginning on or about November 29, 2022 (the "Cal-WARN Class").

57. The persons in the Cal-WARN Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of

Defendants.

58. On information and belief, the identity of the members of the class and the recent residence address of each member of the Cal-WARN Class is contained in the books and records of Defendants.

59. On information and belief, the rate of pay and benefits that were being paid by Defendants to each member of the Cal-WARN Class at the time of his/her termination is contained in the books and records of Defendants.

60. Common questions of law and fact exist as to members of the Cal-WARN Class, including, but not limited to, the following:

    (a) whether the members of the Cal-WARN Class were employees of the Defendants;

    (b) whether Defendants unlawfully terminated the employment of the members of the Cal-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the Cal-WARN Act; and

    (c) whether Defendants unlawfully failed to pay the Cal-WARN Class members 60 days wages and benefits as required by the Cal-WARN Act.

60. Plaintiff's claims are typical of those of the Cal-WARN Class. The Plaintiff, like the Cal-WARN Class members, worked at, reported to, or received assignments from the Facilities and were terminated on or about November 29, 2022, due to the terminations ordered by Defendants.

61. Plaintiff will fairly and adequately protect the interests of the Cal-WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the Cal-WARN Act, the federal WARN Act, other similar state laws, and employment litigation. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Cal-WARN Class predominate over

any questions affecting only individual members of the Cal-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of Cal-WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Cal-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

62. Concentrating all the potential litigation concerning the Cal-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the Cal-WARN Act rights of all the members of the Class.

63. Plaintiff intends to send notice to all members of the Cal-WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### I. Violation of the Federal WARN Act

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all relevant times, Debtors employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

66. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

67. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Debtors as that term is defined by 29 U.S.C. §2101.

68. On or about November 29, 2022, Debtors ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

69. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Debtors' employees as well as thirty-three percent of Debtors' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

70. Plaintiff and the Class Members were terminated by Debtors without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Debtors at the Facilities.

71. Plaintiff and the Class Members are "affected employees" of Debtors, within the meaning of 29 U.S.C. § 2101(a)(5).

72. Debtors were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

73. Debtors failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

74. Plaintiff and each of the Class Members are "aggrieved employees" of the Debtors as that term is defined in 29 U.S.C. § 2104(a)(7).

75. Debtors failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their

respective terminations.

## II. Violation of the New York WARN Act

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3),(4).

78. On or about November 29, 2022, Defendants ordered mass layoffs and/or plant closings at its Facilities as defined by § 860-A(3),(4).

79. The New York Plaintiffs and the New York Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

80. Defendants were required by the NY WARN Act to give the New York Plaintiffs and New York Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

81. Defendants failed to give the NY Plaintiffs and New York Class Members written notice that complied with the requirements of the NY WARN Act.

82. Defendants failed to pay the NY Plaintiffs and each of the New York Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

83. Inasmuch as Plaintiffs and each of the Class Members seek back-pay attributable to a period of time after the filing of the Defendants' bankruptcy petition and which arose as the result of the Defendants' violation of state law, Plaintiffs' and the Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim.

84. The relief sought in this proceeding is predominately equitable in nature.

### III. Violation of the New Jersey WARN Act

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

87. On or about November 29, 2022, Defendants ordered a termination of operations as defined by PL. 2007, c.212, C.34:21-2.

88. The New Jersey WARN Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendants without cause on their part.

89. Defendants were required by the New Jersey WARN Act to give the New Jersey Class Members at least 60 days advance written notice of their terminations.

90. Defendants failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

91. Defendants failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

**Violation of the California Lab. Code, § 1400 *et seq*.**

92. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

93. Plaintiff brings the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about November 29, 2022 and thereafter (the "CAL-WARN Class").

94. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary." Upon information and belief, Defendants are the employers of the Cal-WARN Class as that term is defined by Lab. Code § 1400(b) because they directly or indirectly owned and operated at least one covered establishment.

95. Defendants violated Cal-WARN by terminating the employment of similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about November 29, 2022 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or

termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

96. As a result of Defendants' violation of Lab. Code § 1401, Plaintiff and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

97. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Lab. Code § 1404.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Debtors:

A. An allowed claim against Debtors in favor of the Plaintiff and Class members equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), NY Lab. L. § 860-G(2), or California Labor Code § 1404; or (ii) under the New Jersey WARN Act PL. 2007, c.212, C.34:21-6 severance pay equal to one week of pay for each full year of employment including any civil penalties, with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim and the remainder as a general unsecured claim.

18

B. Certification that Plaintiff and the other Class members constitute a single class with or without subclasses as provided under Rule 23(c)(4;

C. Appointment of Plaintiff as the Class Representative;

D. Appointment of the undersigned attorneys as Class Counsel;

E. An allowed administrative priority claim against Debtors under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) or applicable state WARN laws; and

F. Such other and further relief as this Court may deem just and proper;

Dated: December 4, 2022

Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*